UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

SEAN DAVIS, a/k/a DWAN RIDEOUT,

                Petitioner,                **MEMORANDUM & ORDER**
                                                          11-CV-5557 (MKB)

              v.

STEVEN RACETTE, *Superintendent, Great
Meadow Correctional Facility*,

                Respondent.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Petitioner Sean Davis, also known as Dwan Rideout, brings the above-captioned petition pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. Petitioner's claims arise from a judgment of conviction entered on February 27, 1996, pursuant to a guilty plea in New York State Supreme Court, Kings County, on charges of attempted murder in the second degree and robbery in the first degree. Petitioner entered a plea of guilty to both charges and was sentenced to eight and one-half to sixteen years' imprisonment on each conviction, to run concurrently. Petitioner did not appeal his conviction. On April 29, 2010, Petitioner moved to vacate his judgments of conviction on the grounds that his guilty pleas were not entered knowingly, intelligently, and voluntarily because the court did not inform him that his sentence entered pursuant to the 1996 guilty plea would run consecutively to an undischarged term of imprisonment resulting from a prior conviction. On August 17, 2010, the court denied Petitioner's motion to vacate. (*People v. Rideout*, Nos. 6882/95 and 7219/95 (N.Y. Sup. Ct. Aug. 17, 2010), annexed to Pet. as Ex. D.) On December 21, 2010, the Appellate Division denied Petitioner leave to appeal. *People v.*

*Rideout*, No. 2010-10839, 2010 WL 5173631 (N.Y. App. Div. Dec. 21, 2010). In the instant petition, Petitioner asserts that his federal constitutional right to due process was violated when the state trial court did not inform him, at the time of his guilty plea, that his bargained-for sentences were required, under New York State law, to run consecutively to his un-discharged prior sentences. As a result, Petitioner argues that his guilty plea was not knowingly, intelligently, and voluntarily entered. For the reasons set forth below, the petition is denied.

## I. Background

On May 27, 1992, Petitioner pled guilty to robbery in the first degree, a violation of New York Penal Law ("NYPL") section 160.15, in Kings County Supreme Court ("1992 conviction"). (Pet. ¶ 6.) On June 15, 1992, Petitioner was sentenced to a term of imprisonment of two to six years, and served his term until he was released from custody on parole on October 6, 1994. (*Id.* ¶ 7.) While he was on parole, on or about May 24, 1995, Petitioner was at the corner of Albany Avenue and Bergen Street in Brooklyn, New York, and fired a handgun at another individual with the intent to kill him. (Tr. of Plea on Indict. Nos. 6882/95 and 7219/95, dated Jan. 29, 1996 ("Plea Tr.") 6:6–15, 8:8–14, annexed to Pet. as Ex. A at ECF No. 20.) On or about June 1, 1995, Petitioner stole a television and a videocassette recorder at gunpoint. (Plea Tr. 5:22–6:5.) On January 29, 1996, Petitioner entered a plea of guilty to robbery in the first degree, in violation of NYPL section 160.15(4), and attempted murder in the second degree, in violation of NYPL section 110 and 125.25, for the two crimes, respectively ("1996 conviction"). (Plea Tr. 10:6–18; Pet. ¶ 8.) Due to the 1992 conviction, Petitioner was adjudicated as a predicate felon. (Plea Tr. 9:1–10:3.)

On February 27, 1996, Justice Neil J. Firetog of the Supreme Court, Kings County, sentenced Petitioner to concurrent terms of imprisonment of eight and one half to sixteen years,

on each of the charges to which Petitioner pled guilty in the 1996 conviction ("1996 sentences"). (Tr. of Sentencing on Indict. Nos. 6882/95 and 7219/95 dated Feb. 27, 1996 ("Sen. Tr.") 3:11–13, annexed to Pet. as Ex. A at ECF No. 31; Pet. ¶ 12.) On March 12, 1996, Petitioner's grant of parole on his earlier term of imprisonment, imposed following the 1992 conviction, was revoked. (Pet. ¶ 13.) As mandated by NYPL section 70.25(2-a), Petitioner was required to serve the remaining two and one half years of his sentence for the 1992 conviction consecutively to his concurrent sentences for the 1996 conviction. (*Id.*)

Defendant did not appeal from his 1996 conviction. On April 29, 2010, Petitioner moved, *pro se*, pursuant to New York Criminal Procedure Law ("CPL") section 440.10(1)(h) to vacate the 1996 conviction. ("440 Motion") (*Id.* ¶ 14.) Petitioner maintains that at no time during the plea colloquy did the court, prosecutor, or defense counsel ever advise Petitioner that the 1996 sentences would run consecutive to the Petitioner's un-discharged prior sentence for the 1992 conviction, as required by NYPL section 70.25(2-a).[1] (*Id.* ¶ 12.) Petitioner argued that the trial court's failure to advise him of these direct consequences of his guilty plea prevented his guilty pleas from being entered knowingly, voluntarily, and intelligently, as mandated by the United States Constitution. (*Id.* ¶ 15.) On August 17, 2010, the Supreme Court, Kings County, denied Petitioner's 440 Motion in its entirety. (*Id.* ¶ 18). The court held that Petitioner's claims were statutorily barred due to Petitioner's failure to take an appeal during the prescribed period, but the court chose also to consider and deny the motion on the merits. *People v. Rideout*, Nos.

---

[1] New York Penal Law § 70.25(2-a) states, in pertinent part:
> When an indeterminate or determinate sentence of imprisonment is imposed . . . and such person is subject to an undischarged indeterminate or determinate sentence of imprisonment imposed prior to the date on which the present crime was committed, the court must impose a sentence to run consecutively with respect to such undischarged sentence.

3

6882/95 and 7219/95, at 1–2 (N.Y. Sup. Ct. Aug. 17, 2010) (citing N.Y.C.P.L. § 440.10(2)(c), annexed to Pet. as Ex. D.)  The court determined that the sentencing court committed no error in failing to advise Petitioner that his 1996 sentences would run consecutively to his sentence pursuant to the 1992 conviction.  (*Id.* at 2.)  Relying on a similar New York State Supreme Court case, the court noted that the consecutive running of the sentence due to the 1992 parole revocation was not a direct consequence of the plea leading to the 1996 conviction, and thus Petitioner did not need to be advised of the potential for a consecutive sentence.  (*Id.* (citing *People v. Fuller*, 904 N.Y.S.2d 896, 903 (Sup. Ct. 2010).)

Petitioner sought leave to appeal from the Appellate Division, Second Department, which denied his application without opinion on December 21, 2010.  (Pet. ¶ 19; *see also People v. Rideout*, No. 2010-10839, at 1 (N.Y. App. Div. Dec. 21, 2010), annexed to Pet. as Ex. E.)  Petitioner filed the instant petition on November 15, 2011.

## II. Discussion

### a. Standard of review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). A petitioner is required to show that the state court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Lafler v. Cooper*, 566 U.S. ---, ---, 132 S. Ct. 1376, 1390 (2012).

For the purposes of federal habeas review, "clearly established law" is defined as "the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule, but unreasonably applies it to the facts of the petitioner's case. *Id.* at 412–13; *see also Harrington v. Richter,* 562 U.S. 86, 99–100 (2011) (outlining the relevant factors). In order to establish that a state court decision is an unreasonable application, the state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003); *see also Portalatin v. Graham*, 624 F.3d 69, 79 (2d Cir. 2010) ("If none of these conditions is met, even if the federal court would have reached a different conclusion on direct review, the petition must be denied."). The decision must be "objectively unreasonable." *Andrade*, 538 U.S. at 75. In addition, factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### b. Timeliness

Before proceeding to the merits of the instant petition, the Court must consider whether the petition was timely-filed. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides for a one-year statute of limitations for the filing of a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. 28 U.S.C § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

5

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); *see Lindh v. Murphy*, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").[2] A conviction is "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) upon completion of a defendant's direct appeal in the respective state's highest court and either completion of proceedings before the United States Supreme Court if the petitioner chooses to file for a writ of certiorari, or the expiration of time to seek certiorari before the United States Supreme Court. *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003) (petitioner's conviction became final ninety days after the date of an order denying his application for leave to appeal to the New York Court of Appeals because petitioner did not file a petition for certiorari seeking review of his New York State court decisions by the United States Supreme Court); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) (noting that the limitations period specified in

---

[2] There is no indication that sections (B)-(D) are applicable to the Petitioner's case, nor does the record reflect that Petitioner makes an argument with respect to these subdivisions. Petitioner simply argues that under Section 2244(d)(1), the petition is timely because he filed an appeal to the Appellate Division on December 21, 2010, and therefore, his 90 day period to file a writ with the Supreme Court expired on March 21, 2011. (Pet. ¶ 21). Thus, Petitioner appears to be relying on section (A) to argue that the petition is not time barred.

§ 2244(d)(1)(A) does not begin to run until direct appellate review in the state court system has been completed, and either the denial of certiorari or the expiration of time for seeking certiorari before the United States Supreme Court); *Hutzenlaub v. Portuondo*, 232 F. Supp. 2d 40, 42–43 (E.D.N.Y. 2002) (noting that "[a] petition for a writ of certiorari in the United States Supreme Court must be filed within ninety days of the final decision from the state's highest court") (citing *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998)).

Under New York CPL section 460.10, a party seeking to appeal from a criminal judgement or sentence must file a written notice of appeal within thirty days of the imposition of the sentence. NYCPL § 460.10(1)(a). Here, Petitioner's judgment of conviction was entered on February 27, 1996. There is no indication in the record that the Petitioner filed a timely notice of appeal with the clerk of the New York State Supreme Court, Kings County. The record indicates that the Petitioner did not seek any post-conviction relief until the filing of the 440 Motion in the Supreme Court, Kings County on April 29, 2010, almost fourteen years after his conviction became final under the CPL. (*See* Pet. ¶ 14.) As a result of Petitioner's failure to timely file a notice of appeal within thirty days as required by section 460.10 of the New York CPL, his judgment of conviction became final on March 28, 1996, when the thirty day period for seeking review expired. *See Plato v. Morrissey*, 638 F. Supp. 2d 338, 344 (W.D.N.Y. 2009) (noting that petitioner's New York state conviction became final, thus starting the one-year limitations period, thirty days after it was entered because petitioner failed to file a notice of appeal); *Lin v. McCoy*, No. 00-CV-4295, 2001 WL 91609, at *1 (E.D.N.Y. Jan. 22, 2001) (denying writ of habeas corpus for failure to timely file and noting one-year statute of limitations for filing writ of habeas corpus began to run thirty days following the imposition of petitioner's sentence, when time to appeal under CPL section 460.10 expired).

7

Prisoners who were convicted prior to the enactment of AEDPA were allowed one year from the effective date of the statute to file a habeas petition. *Wood v. Milyard*, 566 U.S. ---, ---, 132 S. Ct.1826, 1831 (2012) ("For a prisoner whose judgment became final before AEDPA was enacted, the one-year limitations period runs from the AEDPA's effective date: April 24, 1996."). Because Petitioner's judgment would have become final on March 28, 1996, the grace period given through the enactment of the AEDPA provided him one year from the date of its enactment to file his petition, which year would have expired on April 24, 1997. The instant petition, dated November 11, 2011, was filed more than fourteen years after the grace period had already expired. *Rios v. Mazzuca,* 78 F. App'x 742, 743 (2d Cir. 2003) ("Because [Petitioner] was convicted prior to the AEDPA's enactment, he was required to file his habeas petition within one year of the AEDPA's effective date, or by April 24, 1997." (citing *Ross*, 150 F.3d at 102−03)). Unless Petitioner can show that the one-year grace period was tolled, the petition is untimely and therefore barred by 28 U.S.C. § 2244(d). The Court therefore considers whether Petitioner is entitled to statutory or equitable tolling of the time requirements.

  **c. Tolling**

    **i. Statutory tolling**

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2); *Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009) ("It is clear from the statutory language that the possibility of filing an application for post-conviction relief is not enough to toll the limitations period; instead, an application must be 'properly filed' and 'pending.'" (quoting 28 U.S.C. § 2244(d)(2))). The post-conviction proceeding, however, does not start the one-year grace period to run anew.

Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. *Saunders*, 587 F.3d at 548 (noting that a section 440.10 motion is "pending" beginning on the day it is filed and ending when it is disposed of); *Does v. Menefee*, 391 F.3d 147, 154 (2d Cir. 2004) (noting that a state collateral proceeding commenced after the limitations period has run does not restart the limitations period); *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam) ("[T]he proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."); *see also Sorce v. Artuz*, 73 F. Supp. 2d 292, 297 (E.D.N.Y. 1999) (noting that because petitioner's 440 motion was not filed until after the running of the one year AEDPA statute of limitations, "it is of no consequence to the timeliness issue").

Because Petitioner filed his 440 Motion on April 29, 2010, well after the one year grace period had expired on April 24, 1997, he cannot avail himself of statutory tolling. *See Plato*, 638 F. Supp. 2d at 345 ("neither of [petitioner]'s CPL [section] 440.10 motions had any effect on the commencement of the limitations period because they were filed well after the limitations period had actually expired.") (citation omitted); *see also Borges v. Bradt*, No. 14-CV-0060, 2015 WL 105966, at *4 (N.D.N.Y. Jan. 7, 2015) (adopting report and recommendation which held that petitioner was not entitled to a period of statutory tolling because he did not file any state court challenges to his conviction within the one year statute of limitations (citing *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999))); *Sorce*, 73 F. Supp. 2d at 297. Therefore, even if Petitioner's 440 Motion which was filed on April 29, 2010, would have afforded him statutory tolling, the 440 Motion was filed approximately thirteen years after the one-year limitations period expired, and does not render this petition timely filed on November 11, 2011.

### ii. Equitable tolling

Petitioner argues that he is entitled to equitable tolling. (Pet'r Reply Mem. ¶ 3.) Petitioner argues that because the one-year limitations period is not a jurisdictional bar, a court may choose to grant equitable tolling. *Id.* Courts will equitably toll the statute of limitations for a period of time if the petitioner shows, for the relevant period, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). To show that he has been pursuing his rights, a petitioner must demonstrate that he acted with "reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d. Cir 1996)); *see Harper v. Ercole*, 648 F.3d 132, 134 (2d Cir. 2011) (A petitioner is "required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled."). Additionally, application of equitable tolling is only warranted in rare and exceptional cases, where "extraordinary circumstances," meaning severe obstacles to petitioner's ability to comply with AEDPA's limitation period, prevent the petitioner from filing on time. *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (noting that mental incapacity may constitute extraordinary circumstances, depending on the facts presented); *see, e.g.*, *Nickels v. Conway*, 480 F. App'x 54, 56 (2d Cir. 2012) (attorney's failure to file petitioner's habeas petition, despite specific instruction to do so, constituted an "extraordinary circumstance" to warrant equitable tolling of the AEDPA's one-year limitations period); *Harper*, 648 F.3d at 137 (petitioner's hospitalization caused his failure to miss the one-year filing deadline under the AEDPA, thereby qualifying him for equitable tolling of the AEDPA's statute of limitations period). While attorney misconduct may satisfy the "extraordinary circumstances" requirement, ordinary error or neglect typically does not justify

equitable tolling. *See Holland*, 560 U.S. at 633 ("Although equitable tolling is not warranted for 'a garden variety claim of excusable neglect,' this case presents far more serious instances of attorney misconduct than that." (internal citation omitted)); *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012) (holding that the failure of petitioner's post-conviction counsel to file a 440 motion sooner than he did, and trial counsel's inability to cooperate with petitioner, were not so outrageous or egregious to warrant equitable tolling).

Here, Petitioner has not shown any extraordinary or severe obstacle that prevented him from timely filing this petition. Petitioner's reply merely makes a cursory statement that the Court should exercise its equitable powers, but does not give any reasons which would allow the Court to do so.[3] (Pet'r Reply Mem. ¶ 3.) Nor has Petitioner provided any facts that could support a finding that the limitations period should be equitably tolled.[4] The petition fails to

---

[3] Petitioner argues that the Court should not apply the statute of limitations to his claim because it was unclear whether the Appellate Division denied his 440 Motion on procedural or federal constitutional grounds. However, Petitioner conflates the time-bar with the jurisdictional requirements of the Independent and Adequate State Ground doctrine. Under the Independent and Adequate State Ground doctrine, the Supreme Court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). In the context of federal habeas review, if a state prisoner's federal challenge was not addressed in state court because the prisoner failed to meet a state procedural requirement, federal habeas review is barred. *Id.* at 730. This rule is grounded in concerns of federalism, so that habeas petitioners may not use the federal court as a way to undermine the state's interest in enforcing its laws. *Id.* at 731. Petitioner's argument with respect to state procedural grounds as a basis for the state trial court's decision has no effect on the timeliness, but rather, affects the jurisdiction of this Court to review the merits of the case. The Court declines to address the merits of this argument, as the petition was not timely filed.

[4] "[A] credible and compelling showing of actual innocence under the standard described by the Supreme Court in *Schlup* [*v. Delo*, 513 U.S. 298 (1995)] and *House* [*v. Bell*, 547 U.S. 518, 521–22 (2006)] warrants an equitable exception to AEDPA's limitation period, allowing the petitioner to have his otherwise time-barred claims heard by a federal court." *Rivas v. Fischer*, 687 F.3d 514, 518 (2d Cir. 2012). In addition to making no showing to establish that he is entitled to equitable tolling due to extraordinary circumstances, Petitioner does not raise or present facts that would support a finding of "actual innocence" as a reason for the Court to consider the merits of his habeas petition.

meet the time restrictions set by the AEDPA. Therefore, the petition is time-barred and must be dismissed.

### III. Conclusion

For the foregoing reasons, the petition for habeas corpus is denied as time-barred pursuant to 28 U.S.C. § 2244(d)(1) and the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to close this case.

SO ORDERED:

     s/ MKB     
MARGO K. BRODIE
United States District Judge

Dated: April 21, 2015
       Brooklyn, New York